UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOI NGO,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC., et al.,<br><br>        Defendants. | Case No. 19-cv-04277-JCS<br><br>**ORDER DENYING MOTION FOR ATTORNEYS' FEES AND VACATING MOTION HEARING**<br><br>Re: Dkt. No. 14 |

## I. INTRODUCTION

Plaintiff Ngo filed this action in the Superior Court of the State of California, County of Alameda, asserting state law employment discrimination claims against his former employer, United Airlines ("United"), and two of his former supervisors, Mohammed Buksh and Yvonne Pierce. United removed to federal court on the basis of diversity jurisdiction, arguing that although Defendants Buksh and Pierce are citizens of California – as is Ngo – there is diversity of citizenship because Buksh and Pierce were fraudulently joined in this action. In its November 15, 2019 Order ("the November 15 Order"), the Court found that Buksh and Pierce were not sham defendants and remanded the case to State court on the basis that there was no subject matter jurisdiction over the action. Presently before the Court is Plaintiff's Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore vacates the hearing set for January 10, 2020

pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion is DENIED.[1]

## II. BACKGROUND

Ngo asks the Court to award $75,836.00 in fees and $64.50 in costs that he contends were incurred as a result of United's improper removal of this action to federal court. He argues that an award of fees is warranted because United lacked an "objectively reasonable basis for seeking removal.'" Motion at 3 (citing *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 552 (9th Cir. 2018)); Reply at 2. This amount includes fees incurred in drafting the instant Motion and responding to United's Opposition, as well as fees for other work on the case while it was in federal court. Ngo has supplied declarations of his attorneys, Katharine Chao and Xinying Valerian, documenting the time billed and rates charged by counsel.

United opposes the motion, arguing that removal was not objectively unreasonable as the operative pleading at the time of removal did not assert a harassment claim against Buksh and Pierce and the conduct alleged as to those defendants was not actionable as harassment as it arose out of necessary personnel management duties. United further asserts that if the Court awards fees and costs it should reduce the amount because: 1) some of the fees Ngo requests were not incurred as a result of the removal; 2) Ngo has not adequately documented the hours billed or has billed for improper tasks; and 3) because the hourly rates Ngo requests are excessive.

## III. ANALYSIS

### A. Legal Standards Governing Award of Attorneys' Fees under 28 U.S.C. § 1447(c)

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists,

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). Further, because the award of fees pursuant to 28 U.S.C. § 1447(c) is collateral to the decision to remand, the Court may award attorneys' fees under that section even though the case has already been remanded to state court. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). The Court in *Martin* explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*. In *Lussier v. Dollar Tree Stores, Inc*., the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal. *Id*. at 1066–67.

### B. Whether an Award of Attorneys' Fees is Warranted

Although the Court considered the allegations in Ngo's First Amended Complaint ("FAC") in determining whether there was a "a possibility" that Ngo's original complaint stated a cause of action against Buksh and Pierce, it is undisputed that the FAC had not yet been served at the time of removal and therefore, that the operative complaint for the purposes of determining whether removal was objectively unreasonable was the original complaint filed in state court. *See Noorazar v. BMW of N. Am*., LLC, No. 18-CV-02472 W (JLB), 2019 WL 442477, at *3 (S.D. Cal. Feb. 5, 2019) ("The Central and Northern Districts have consistently held that an amended complaint supersedes the original only when served on the opposing party."). Therefore, in determining whether removal was objectively unreasonable, the Court looks to the original complaint in this case. While this question presents a close call, the Court concludes that removal was not objectively unreasonable.

As the Court noted in its November 15 Order, "'[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a "heavy burden" since there is a "general presumption against finding fraudulent joinder."'" *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (internal brackets omitted) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Thus, "[a] court may find fraudulent joinder only if the claim against the non-diverse defendant is 'wholly insubstantial and frivolous." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (internal quotation and citation omitted). Further, the California Supreme Court found in *Roby* that under some

3

circumstances personnel management actions can be evidence of harassment. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009), modified, Feb. 10, 2010). Moreover, even "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code section 12923(b) (effective January 1, 2019). Applying these standards, the Court concluded that Ngo was required only to demonstrate only that there was a *possibility* that a state court would find that one of his claims against Buksh and Pierce was adequately alleged. The Court further found that Ngo's allegations "easily" met that standard based on his claims for harassment.

Notwithstanding the Court's conclusion that remand was warranted, it also recognizes that there is some ambiguity in California case law regarding the degree to which official personnel actions can form the basis for a hostile work environment claim against a supervisor. Even in *Roby*, the California Supreme Court reiterated the principle that "the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not harassment." *Roby v. McKesson* Corp., 47 Cal. 4th 686, 707-708 (2009). Further, while the Court in this case concluded that there was at least one incident alleged in both the original complaint and the FAC that fell outside the ambit of an official personnel action (the request by Buksh that the police perform a welfare check even though he had no basis for believing that one was warranted, allegedly to harass and intimidate Ngo), it is true that the vast majority of the specific conduct alleged in the original complaint on the part of Buksh and Pierce clearly arose out of their supervisorial positions (e.g., determining whether Ngo was authorized to return to work). Therefore, the Court does not find the case law on this question to be so well-established that it was objectively unreasonable for United to remove the case to federal court. Accordingly, the Court declines to exercise its discretion under 28 U.S.C. § 1447(c) to award attorneys' fees.

4

## IV. CONCLUSION

For the reasons stated above, the Motion is DENIED.

**IT IS SO ORDERED.**

Dated: December 27, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge